UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TED SKOWYRA & DEDY SKOWYRA,<br><br>　　　　　　　　Plaintiffs,<br>v.<br><br>AIR & LIQUID SYSTEMS CORP, (Indiv. and as successor in interest to Buffalo Pumps, Inc.), CBS CORPORATION, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation and as successor in interest to B.F. Sturtevant,<br>CRANE COMPANY, individually and as successor to Jenkins Bros. and Weinman Pump Manufacturing Co., Chapman Valve Company and Cochrane,<br>FOSTER WHEELER L.L.C.,<br>GENERAL ELECTRIC COMPANY, and TECHNIP, USA, INC., Successor in interest to Maxim Silencer Company,<br><br>　　　　　　　　Defendant(s). | Docket No.:  5:15-cv-862<br><br>In Re: Bridgeport Asbestos Litigation, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. FBT-CV-15-6049784-S<br><br>June 4, 2015 |

**CBS CORPORATION'S[1] NOTICE OF REMOVAL UNDER 28 U.S.C. § 1442**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

PLEASE TAKE NOTICE that Defendant CBS Corporation ("Westinghouse"),

hereby files its Notice of Removal of the above-styled state court action, removing said

matter to this Court pursuant to 28 U.S.C. § 1442.

**BACKGROUND**

---

[1] CBS Corporation (a Delaware corporation f/k/a Viacom, Inc.) is a successor by merger to CBS Corporation (a Pennsylvania corporation f/k/a Westinghouse Electric Corporation).

1.      Plaintiffs filed their Complaint (Docket No. FBT-CV-15-6049784-S) in the Superior Court for the Judicial District of Fairfield at Bridgeport, on May 4, 2015 ("the State Court Action").

2.      Westinghouse received service of Plaintiffs' Complaint on May 5, 2015. Plaintiffs' Complaint alleges asbestos exposure to various asbestos containing products while employed at while working at Electric Boat from 1965 to 1966; Pratt & Whitney in 1966; and Kaman Aircraft from 1966 to 1968. (See copy of Plaintiffs' Complaint, annexed hereto as Exhibit 1, ¶ 1.)

3.      Throughout the 1940s, 1950s, 1960s and 1970s, Westinghouse designed, manufactured and supplied various items of equipment, including turbines, to the United States Navy for use aboard its vessels.  Such equipment was custom-designed and manufactured in accordance with detailed specifications and/or regulations promulgated or adopted by the Navy and its officers, and each relevant aspect of the design and manufacture of such equipment was subject to detailed and ongoing direction and control by the Navy through its individual officers.

4.      In light of *Pantalone v. Aurora Pump Co.*, 576 F. Supp. 2d 325 (D. Conn. 2008), this Notice of Removal has been filed within thirty (30) days of Westinghouse's receipt of information from which it could first ascertain that Mr. Meyer allegedly was exposed to asbestos while aboard a United States Navy ship, as such a ship may have carried, or be alleged by Plaintiff to have carried, turbines and/or related items of marine equipment that were designed, manufactured and supplied to the Navy by Westinghouse subject to the detailed direction and control of the Navy and its officers.

## <u>FEDERAL OFFICER REMOVAL IS APPROPRIATE UNDER 28 U.S.C. §1442(A)</u>

5.     The basis for this removal is that this action involves a person, i.e., Westinghouse, who – in relation to the claims being stated against it and as summarized herein – acted under the authority, direction and control of an officer or agency of the United States for purposes of 28 U.S.C. § 1442(a)(1), and who can state at least a colorable federal law-based "government contractor" defense to those claims.

6.     Westinghouse respectfully requests an opportunity to respond more fully in writing to any motion for remand in this case, but offers the following statement and citations to authority at this time in satisfaction of its obligation under 28 U.S.C. § 1446 to provide a short and plain statement of the legal and factual basis for its removal.

7.     Removal under 42 U.S.C. § 1442(a)(1) is proper where a defendant:  1) "'act[ed] under [a federal] officer;'" 2) has been sued for the actions that it performed "'under color of federal office;'" and 3) can state at least a colorable federal law-based defense to that suit.  *Mesa v. California*, 489 U.S. 121 (1989); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135 (2d Cir. 2008).

8.     In designing, manufacturing and supplying equipment for use aboard Navy vessels, Westinghouse acted under the detailed and ongoing direction and control of one or more federal officers.   More specifically, Westinghouse manufactured and designed such equipment in accordance with precise, detailed, specifications promulgated by Navy Sea Systems Command. Moreover, an Inspector of Naval Machinery, who was a resident at Westinghouse's manufacturing facility, personally oversaw the manufacturing process and enforced compliance with the

Navy's design specifications. Further, such equipment was subject to various tests and trials supervised by the Navy before it was approved for use on military vessels. In sum, all relevant aspects of the design and manufacture of Westinghouse's Navy equipment were subject to close, detailed and ongoing supervision and control by the Navy and its officers. Numerous courts have, in fact, held – in light of these facts – that Westinghouse was "acting under a federal officer" in relation to its design, manufacture and supply of its Navy equipment. *See, e.g.*, *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 700-01 (S.D. Tex. 2002); *Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1326 (E.D. La. 1994); *Pack v. ACandS, Inc.*, 838 F. Supp. 1099, 1103 (D. Md. 1993). Additionally, the United States District Court for the District of Connecticut has repeatedly held that similarly-situated parties were "acting under a federal officer" in relation to their design and manufacture of Navy equipment. *Pianko v. General Elec. Co.*, 2010 WL 717897 (D. Conn. Feb. 23, 2010), *Allen v. CBS Corp.*, 2009 WL 4730747 (D. Conn. Dec. 1, 2009), *Wight v. General Elec. Co.*, 2009 WL 2766706 (D. Conn. Aug. 27, 2008) (Hall, J.); *Allen v. General Elec. Co.*, 2009 WL 2766583 (D. Conn. Aug. 27, 2009) (Hall, J.); *Kotecki v. Buffalo Pumps*, 2009 WL 2253169 (D. Conn. July 28, 2009) (Eginton, J.); *Murphy v. General Elec. Co.*, 2009 WL 2151192 (D. Conn. July 15, 2009) (Eginton, J.); *DeMarco v. General Elec. Co.*, Case No. 3:09-cv-00373, Ruling on Plaintiffs' Motion to Remand (D. Conn. May 29, 2009) (Dorsey, J.); *Carroll v. Buffalo Pumps*, 2008 WL 4793725 (D. Conn. Oct. 27, 2008) (Eginton, J.); *DeMatties v. Acmat Corp.*, 2008 WL 4735145 (D. Conn. Oct. 27, 2008) (Eginton, J.); *Olivar v. Buffalo Pumps*, 2008 U.S. Dist. LEXIS 84174 (D. Conn. Oct. 21, 2008) (Droney, J.); *Vicosi v. American Optical Corp.*, 2008 WL 4426884 (D. Conn. Sept. 29,

2008) (Underhill, J.); *Despres v. AMPCO-Pittsburgh Corp.*, 577 F. Supp. 2d 604 (D. Conn. 2008) (Arterton, J.); *Pantalone*, *supra*; *Contois v. Able Indus.*, 523 F. Supp. 2d 155 (D. Conn. 2007) (Thompson, J.); *Machnik v. Buffalo Pumps*, 506 F. Supp. 2d 99 (D. Conn. 2007) (Droney, J.).

9.      It is "axiomatic" that, if a defendant has been sued for asbestos-related injuries purportedly arising from, or relating to, equipment that it manufactured and supplied to the Navy under the Navy's detailed direction and control, that defendant has been sued in relation to conduct under color of its federal office.  *Madden*, 205 F. Supp. 2d at 701-02.  *See also, e.g.*, *Isaacson*, 517 F.3d at 137-38; *Pantalone*, 576 F. Supp. 2d at 330-31.

10.     As to the question of a colorable federal-law based defense, Westinghouse hereby asserts a government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988) in that, to the extent Plaintiff was allegedly exposed to asbestos associated with Westinghouse Navy equipment: 1) Westinghouse designed, manufactured and supplied such equipment in accordance with "reasonably precise specifications" promulgated or adopted by the Navy; 2) such equipment conformed with those Navy specifications; and 3) at all times relevant to this suit, the Navy was independently aware of potential health hazards associated with asbestos exposure.  Once again, numerous courts considering the propriety of the removal of asbestos-related claims involving Westinghouse's design and manufacture of Navy equipment have found that Westinghouse can accordingly state at least a colorable government contractor defense in relation to such claims.  *See, e.g.*, *Crocker*, 852 F. Supp. at 1327; *Pack*, 838 F. Supp. at 1103.  This Court has

repeatedly reached a similar conclusion in relation to asbestos-related claims brought against similarly- situated Navy equipment designers and manufacturers. *See, e.g.*, *Despres*, 577 F. Supp. 2d at 609; *Pantalone*, 576 F. Supp. at 331-32.

11.     Westinghouse has attached those documents required by 28 U.S.C. 21 §1446(a) and/or the Rules of Practice of the Connecticut Superior Court.

12.     Removal of this action is proper under 28 U.S.C. § 1442, as it is a civil action brought in a state court and as – consistent with the short and plain statement of the law and facts set forth herein – the federal district courts have original jurisdiction over the subject matter of this suit under 28 U.S.C. § 1442(a)(1), because Westinghouse was acting under an officer or agency of the United States in relation to the claims stated against it, and it can state at least a colorable federal law-based defense to said claims.

**WHEREFORE, PREMISES CONSIDERED**, Westinghouse, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Superior Court for the Judicial District of Fairfield at Bridgeport at New London, on this 4th day of June, 2015.

THE DEFENDANT,
CBS CORPORATION, A DELAWARE
CORPORATION, F/K/A VIACOM, INC.,
SUCCESSOR BY MERGER TO CBS
CORPORATION, A PENNSYLVANIA
CORPORATION, F/K/A WESTINGHOUSE
ELECTRIC CORPORATION

By:   /s/Robert F. Martin
      Robert F. Martin
      Eckert Seamans Cherin & Mellott LLC
      10 Bank Street, 7th Fl.
      White Plains, NY 10606
      Juris No. CT 18424

Phone: (914) 286-6439
Email:rmartin@eckertseamans.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2015, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated below. Parties may access this filing through the Court's CM/ECF System.

/s/Robert F. Martin
Robert F. Martin

*Plaintiffs' Counsel:*

Brian P. Kenney
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06510-1866
(203) 777-7799

*Defendants*:

AIR & LIQUID SYSTEMS CORP.
Mark Judson Hoover
Governo Law Firm
Two International Place
15th Floor
Boston, Ma 02110

CRANE CO.
Non-Appearing

FOSTER WHEELER, LLC
Mark O. Denehy
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

GENERAL ELECTRIC COMPANY
Dan Edward Labelle
Halloran & Sage
315 Post Road West
Westport, CT 06880

TECHNIP USA, INC.

Catherine Ann Mohan
McCarter & English, LLP
City Place 1
185 Asylum Ave, 36th Floor
Hartford, CT 06103

# EXHIBIT 1

| IN RE: ASBESTOS LITIGATION |
|---|

| | |
|---|---|
| RETURN DATE: MAY 26, 2015 | : SUPERIOR COURT |
| | : |
| TED SKOWYRA & DEDY SKOWYRA | : J.D. OF FAIRFIELD |
| | : |
| VS. | : AT BRIDGEPORT |
| | : |
| AIR & LIQUID SYSTEMS CORP, (Indiv. and as | : |
| successor in interest to Buffalo Pumps, Inc.), | : |
| CBS CORPORATION, a Delaware corporation, f/k/a | : |
| Viacom Inc., successor by merger to CBS Corporation, a | : |
| Pennsylvania corporation, f/k/a Westinghouse Electric | : |
| Corporation and as successor in interest to B.F. Sturtevant, | : |
| CRANE COMPANY, individually and as successor to | : |
| Jenkins Bros. And Weinman Pump Manufacturing Co., | : |
| Chapman Valve Company and Cochrane, | : |
| FOSTER WHEELER L.L.C., | : |
| GENERAL ELECTRIC COMPANY, | : |
| TECHNIP, USA, INC., Successor in interest to Maxim | : |
| Silencer Company | : May 4, 2015 |

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

COMPLAINT

<u>COUNT I</u>

1.  The plaintiff, TED SKOWYRA, is a citizen of the State of Florida and resides at 605 Plaza Drive, Atlantic Beach, Florida.

2.  The plaintiff, DEDY SKOWYRA, is a citizen of the State of Florida resides at 605 Plaza Drive, Atlantic Beach, Florida.

3.  Each of the defendants, and/or their predecessors in interest (hereinafter referred to as the "Defendants"), named in the caption above conducted business in the state of Connecticut, has produced, manufactured or distributed asbestos and/or asbestos products with the reasonable expectation that such products were so used or consumed, and/or has committed the tortious acts set forth below.

4.  The employer or employers of the plaintiff were engaged in various businesses in which they bought and/or installed asbestos products and materials.

5.  The plaintiff was exposed to asbestos containing products through his work at Electric Boat from approximately 1965 to 1966; Pratt & Whitney in approximately 1966; and Kaman Aircraft from approximately 1966 to 1968.  Such exposure in Connecticut was the proximate cause (substantial factor) of plaintiff's contraction of asbestos-related malignant mesothelioma and other asbestos-related pathologies.

6.  During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed,

tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

7.  Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff or to others working at the various jobsites in Connecticut where the plaintiff was employed, or to third persons who, in turn, delivered and sold such products and materials to such employers or to others working at such jobsites for use by employees, including the plaintiff.

8.  At all relevant times that the plaintiff was working, the plaintiff was exposed to asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was forced to come into contact with an breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

9.  At all times pertinent hereto, the defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

10.  At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

11.  The actions of the defendants described and alleged above were wrongful under

Section 52-572m, et seq., in one or more of the following ways:

(a)     Said asbestos-containing products were unreasonably defective in one or more of the following ways:

1.     in that said products were and are unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

2.     in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary worker in the position of the plaintiff would contemplate;

3.     in that any warnings, information and/or safety instruction said products may have carried, were improper and inadequate in that they failed to apprise users and/or others, including the plaintiff, adequately and reasonably of the full hazards and dangers of coming in contact with said products, including the risk of cancer;

(b)     The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who used them, yet the defendants failed to use reasonable and/or ordinary care in seeing to it that said products carried proper, adequate and correct warnings of the dangers of said products, and the exposure of the plaintiff and others like the plaintiff to these products was reasonably foreseeable to the defendants;

(c)     The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

12.  As a result of the above, the plaintiff is caused to sustain severe, painful and permanent

injuries referred to in Paragraph 5 and/or other asbestos-related pathologies caused by the plaintiff

coming into contact with and breathing, inhaling and ingesting asbestos fibers.  The injuries and

diseases from which the plaintiff suffered caused the plaintiff to suffer great pain, suffering, mental

anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

13.  The disease, diseases or injuries from which the plaintiff suffers was directly and

proximately caused by the plaintiff 's exposure to asbestos and asbestos products which were

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

14.  As a result thereof, the plaintiff's life span has been shortened and the plaintiff's capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

15.  As a result of said illness, the plaintiff is obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus.

16.  As a further result of said illness, the plaintiff's earning capacity is impaired.

17.  The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

18.  The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

19.  The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including the plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

20.  Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with the said products and materials, including the

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

21.  The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

22.  The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

23.  The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

24.  The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

25.  Notwithstanding that the defendants possessed the foregoing information, the defendant wrongfully contracted for, mined milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, the plaintiff 's employer(s) and/or to others working at the various jobsites and places of employment of the plaintiff and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to render proper, adequate and

correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

26.  It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

27.  The defendants breached these duties by:

(a)  failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

(b)  failing to warn the plaintiff of the dangers to which the plaintiff  was exposed when they knew or should have known of the dangers;

(c)  failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

(d)  supplying asbestos or asbestos products that were packaged, bagged, boxed and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper;

(e)  supplying asbestos or asbestos products that were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

(f)  failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

(g)  failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

(h)  failing to remove the product or products from the market when the defendants corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

(i)      failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

(j)      generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

28.  The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

WHEREFORE, the plaintiff, TED SKOWYRA, claims damages.

## COUNT II

(As to Plaintiff, DEDY SKOWYRA, and all Defendants)

1.-28. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

29.  As a result of the foregoing injuries and damages suffered by the plaintiff, the said plaintiff's spouse has and will sustain damages by virtue of his/her loss of consortium with the plaintiff and the loss and impairment of the plaintiff's services, protection, care and assistance, society, companionship, affection, love, comfort, support, guidance, and kindly offices and advice, and other benefits of the marital relationship.

WHEREFORE, the plaintiff, DEDY SKOWYRA, claims damages.

## COUNT III

1.- 28. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
**EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC**
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

29.  The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

30.  The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

31.  The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

32.  Notwithstanding that the defendants possess the foregoing information, the defendants committed some or all of the wrongful acts and/or omissions described and alleged in paragraph 11 of the First Count.

33.  Said acts and omissions thus constitute misconduct that is grossly negligent, willful, wanton, malicious and/or outrageous.

WHEREFORE, TED SKOWYRA & DEDY SKOWYRA,  demand judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

THE PLAINTIFF


BY:   s/ 423477
Brian P. Kenney
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06510-1866
(203) 777-7799
Juris No. 409080
Their Attorneys

**IN RE: ASBESTOS LITIGATION**

RETURN DATE:  MAY 26, 2015        : SUPERIOR COURT

                             :

TED SKOWYRA & DEDY SKOWYRA     : J.D. OF FAIRFIELD

                             :

VS.                                       : AT BRIDGEPORT

                             :

AIR & LIQUID SYSTEMS CORP, ET AL.     : May 4, 2015

        WHEREFORE, the plaintiff, TED SKOWYRA & DEDY SKOWYRA, claims as to the

defendants:

        1.  Full, fair and just money damages;

        2.  Punitive and exemplary damages, including attorney's fees;

        3. Statutory punitive damages and reasonable attorney's fees pursuant to General Statutes

Sections 52-240a and 52-240b (First Count);

        4.  Costs of this action.

                        THE PLAINTIFF


                        BY:   s/423477
                        Brian P. Kenney
                        Early, Lucarelli, Sweeney & Meisenkothen, LLC
                        One Century Tower, 11th Floor
                        265 Church Street P.O. Box 1866
                        New Haven, CT 06510-1866
                        (203) 777-7799
                        Juris No. 409080
                        Their Attorneys

## IN RE: ASBESTOS LITIGATION

RETURN DATE:  MAY 26, 2015                          : SUPERIOR COURT
                                                    :
TED SKOWYRA & DEDY SKOWYRA                          : J.D. OF FAIRFIELD
                                                    :
VS.                                                 : AT BRIDGEPORT
                                                    :
AIR & LIQUID SYSTEMS CORP, ET AL.                   : May 4, 2015


     The amount, legal interest and property in demand is not less than $15,000.00, exclusive of interest and costs.

THE PLAINTIFF


BY:  s/423477
Brian P. Kenney
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06510-1866
(203) 777-7799
Juris No. 409080
Their Attorneys